# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>CANDI CONTROLS, INC.,<br><br>Alleged Debtor. | Chapter 11<br><br>Case No. 18-10679 (CSS) |

## CERTIFICATION OF COUNSEL REGARDING
## PROPOSED ORDER FOR RELIEF IN INVOLUNTARY CASE

## NON-CONSENSUAL

The undersigned counsel to the above-captioned alleged debtor (the "**Alleged Debtor**") hereby certifies as follows:

1. On March 23, 2018, CGM Partners, LLC, Howard Elias, and Kelly Yang Living Trust (collectively, the "**Petitioning Creditors**") filed an involuntary chapter 11 petition ("**Petition**") against the Alleged Debtor.

2. The Alleged Debtor admits the allegations contained in the Involuntary Petition and wishes to immediately begin conducting a Chapter 11 case as a debtor-in-possession.

3. The Alleged Debtor consents to the immediate entry of an order for relief under Chapter 11 of the Bankruptcy Code substantially in the form attached to this Certification as **Exhibit A** (the "**Proposed Order for Relief**"). The Petitioning Creditors have expressly consented to the entry of the attached Proposed Order for Relief.

4. The Alleged Debtor's board of directors (the "**Board**") has authorized the Debtor to consent to the entry of the Proposed Order for Relief and to prosecute a Chapter 11 case for the Debtor as debtor-in-possession, as evidenced by a copy of the board's resolutions attached to this Certification as **Exhibit B** (the "**Resolution**"). The Alleged Debtor has engaged the undersigned as its counsel for all proceedings in this Chapter 11 case.

**Objection by the Office of the United States Trustee**

5. The Office of the United States Trustee (the "**UST**") has objected to entry of the Proposed Order for Relief. The UST contends that Section 3.3 of the Alleged Debtor's Second Restated Certificate of Incorporation prohibits the Alleged Debtor's Board from consenting to the Proposed Order for Relief because it is an "action which result[s] in … the commencement of any bankruptcy" and thus requires the consent of a majority of the Alleged Debtor's preferred shareholders. A copy of the Seconded Restated Certificate of Incorporation is attached hereto as **Exhibit C**. The Alleged Debtor sought but was unable to obtain such consents because, among other reasons, one of the corporate entities that owns preferred shares is in receivership and cannot expend resources to obtain court approval to ratify a bankruptcy filing that most likely will result in rendering its preferred shares worthless. The parties appear to agree that the Alleged Debtor's Bylaws do not address this issue, but for the Court's reference, a copy is attached hereto as **Exhibit D.**

*The Issue is not Ripe for Adjudication*

6. The stockholders will be given notice of the entry of the Proposed Order for Relief and will have the right to move to dismiss the case. At that time, the argument will be ripe for adjudication by the Court.

*The Certification of Incorporation Does Not Require Stockholder Approval to Consent to an Involuntary Petition*

7. The Alleged Debtor disputes, as matter of contract interpretation, that the Certification of Incorporate prohibits the Board from consenting to an involuntary chapter 11 case. In adopting the resolution, the Board recognized that the Alleged Debtor has no meritorious defense to the involuntary petition and that a Chapter 11 proceeding is in the Alleged Debtor's and its creditors' best interests. The Alleged Debtor's acknowledgement of the reality that there is no defense to the involuntary petition and resulting consent to an order for relief is not an "action which result[s] in … the commencement of any bankruptcy …" The involuntary petition already *commenced* the bankruptcy. The Board recognizes the best interests of the Alleged Debtor and,

most importantly, its creditors, and authorized the Alleged Debtor to consent to the relief sought in the involuntary petition.

8. The Proposed Order for Relief needs to be entered to avoid irreparable harm to the Alleged Debtor and its creditors. The Alleged Debtor is a pre-revenue software company whose only valuable assets are intellectual property. If the Proposed Order for Relief is not immediately entered, there will be no money to pay the Alleged Debtor's employees who, in turn, will likely quit. The Alleged Debtor needs immediate financing, but the proposed buyer and DIP lender will not fund unless the Proposed Order for Relief is entered immediately. After the Proposed Order for Relief is entered, the Alleged Debtor intends to seek immediate interim approval of DIP financing.

9. Notwithstanding that section 303(f) of Bankruptcy Code authorizes an alleged debtor to operate during the "gap period" without court approval, as a practical matter, there is no ability to operate because the Alleged Debtor has no money for payroll and no revenue. The proposed DIP lender (also the proposed stalking horse bidder) has confirmed, that, if the Proposed Order for Relief is not entered soon, it will not lend any money during a gap period and will walk away from the proposed sale transaction. This will result in a Chapter 7 liquidation where all creditor recoveries will be severely reduced or even wiped out. It is that precise outcome that the Alleged Debtor's Board seeks to avoid—having non-consenting, out-of-the-money shareholders prevent the Alleged Debtor's Board from fulfilling their fiduciary duty to creditors (who are the only ones owed a fiduciary duty at this point because the Debtor is insolvent).

10. The Alleged Debtor's Board has only two options in the face of the involuntary petition: (a) to urge the Court respectfully to enter the Proposed Order for Relief; or (b) do nothing and not respond to the involuntary petition such that after 21 days an order for relief would be entered under § 303(h) but, in that event, the Alleged Debtor's operations will have by then irreversibly ceased, all employees will have been discharged, and the would-be buyer will have withdrawn its offer, leaving the estate bereft of cash and the ability to pursue anything other than a conversion to a Chapter 7 case.

11. To avoid irreparable harm to the estate and the interests of creditors, the Alleged Debtor is only hastening the inevitable entry of an order for relief by notifying this Court that it will not contest the involuntary petition.

12. The undersigned respectfully requests that the Court refrain from considering the Proposed Order for Relief until 4 p.m. on Monday, March 26th to allow the UST sufficient time to file a response. The undersigned thereafter requests that the Court enter the Proposed Order for Relief, or schedule a hearing as soon as possible to make a ruling.

Dated: March 23, 2018
Wilmington, Delaware

**THE ROSNER LAW GROUP LLC**
/s/ *Scott J. Leonhardt*
Frederick B. Rosner (DE #3995)
Scott J. Leonhardt (DE #4885)
824 N. Market Street
Suite 810
Wilmington DE 19801
(302) 777-1111
Email: leonhardt@teamrosner.com

-and-

**PERKINS COIE LLP**
Jordan A. Kroop
2901 N Central Ave
Suite 2000
Phoenix AZ 85012
(602) 351-8000
Email: jkroop@perkinscoie.com

*Counsel for the Alleged Debtor*