**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re:* | Chapter 11 |
| CCI LIQUIDATION, INC., | Case No. 18-10679 (CSS) |
| Debtor. | **Hearing Date: June 19, 2018 at 11:00 am**<br>**Objections Due: June 6, 2018 at 4:00 pm** |

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S MOTION FOR ORDER
UNDER BANKRUPTCY CODE §§ 305(a) and 1112(b)
<u>DISMISSING DEBTOR'S CHAPTER 11 CASE [D.I. 106]</u>**

Andrew R. Vara, the Acting United States Trustee for Region 3 (the "<u>U.S. Trustee</u>"), through his undersigned counsel, hereby files this objection (the "<u>Objection</u>") to the Debtor's Motion for an Order under Bankruptcy Code §§ 305(a) and 1112(b) Dismissing Debtor's Chapter 11 Case [D.I. 106] (the "<u>Motion to Dismiss</u>") and in support of his Objection respectfully states as follows:

**<u>PRELIMINARY STATEMENT</u>**

Through the Motion to Dismiss, the Debtor is effectively seeking to avoid all of the burdens of being in bankruptcy while retaining all of its benefits. The Debtor seeks authority to dismiss the bankruptcy case and effectuate a liquidating trust—to be administered by the Debtor's "acting" Chief Financial Officer—that purports to impose a claims resolution process that is prejudicial to creditors and not subject to Court oversight, and to make a final distribution outside the Chapter 11 plan process. Nonetheless, the Debtor asks the Court to retain jurisdiction to hear Counsel's fee applications, which, to date, have not been filed. The liquidating trust also contains provisions that would effectively provide the Debtor a discharge and/or third party releases, without complying with the requirements of the Bankruptcy Code. The Motion to

Dismiss should be denied and the Debtor should either file a liquidating plan pursuant to Local Bankruptcy Rule 3017-2, or convert this case to one under Chapter 7.

## JURISDICTION

1.	Pursuant to (i) 28 U.S.C. § 1334; (ii) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a); and (iii) 28 U.S.C. § 157(b)(2)(A), this Court has jurisdiction to hear and resolve the Objection.

2.	Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with monitoring the federal bankruptcy system. *See Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

3.	The U.S. Trustee has standing to be heard on the Objection pursuant to 11 U.S.C. § 307. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that 11 U.S.C. § 307 gives the U.S. Trustee "public interest standing").

## FACTUAL AND PROCEDURAL HISTORY

4.	On March 23, 2018, CGM Partners, LLC, Howard Elias, and the Kelly Yang Living Trust filed an involuntary petition against the Debtor in this Court under Chapter 11 of the Bankruptcy Code.

5.	The Court entered the Order for Relief on March 27, 2018. The Debtor continues to manage its remaining assets as a debtor-in-possession under sections §§ 1107 and 1108 of the Bankruptcy Code.

6.	No official committee of unsecured creditors has been appointed in this case.

7.	On April 25, 2018, the Court entered an Order Authorizing the Sale of Substantially all of the Debtor's Assets Free and Clear of Liens, Encumbrances, and Other

Interests; (b) Authorizing and Approving the Asset Purchase Agreement with Altair Engineering, Inc.; (c) Authorizing the Assumption and Assignment of Assumed Contracts and Assumed Leases; and (d) Granting Related Relief [D.I. 91].

8.  As set forth in the Motion to Dismiss, the Debtor and Altair Engineering, Inc. ("Altair") closed the sale on April 27, 2018 (the "Closing Date").[1] The Debtor transferred all assets to Altair in exchange for cash proceeds of $1,158,158.25 (the "Initial Sale Proceeds"), which were deposited into the Debtor's bank account. Altair also deposited an additional $1,000,000 into an escrow account maintained by Wilmington Trust Corp. to secure the Debtor's indemnification obligations to Altair under the APA, the balance of which will be released to the Debtor twelve months after the Closing Date for distribution to creditors.

9.  On May 23, 2018, the Debtor filed, *inter alia,* the Motion to Dismiss [D.I. 106].

10. The Motion to Dismiss seeks to dismiss the Debtor's bankruptcy case and establish a liquidation trust ("Creditor Trust") that will be funded with the Initial Sale Proceeds and the right to receive the escrowed funds in a year. The terms of the Creditor Trust are set forth in the Creditor Trust Agreement, attached as Exhibit A to the Motion to Dismiss.

11. The Motion to Dismiss asks the Court to retain jurisdiction only to hear the Debtor's counsel's final fee applications.

12. The Debtor contends that dismissal of the case is preferable to conversion or a Chapter 11 plan because it is allegedly more economical and efficient.

---

[1] Capitalized terms shall have the meaning given to them in the Motion to Dismiss unless otherwise noted herein.

13. Paragraph 24 of the Motion to Dismiss provides that the Creditor Trust will serve certain "essential" functions on the following terms:

- Douglas Klein, the "acting" CFO of the Debtor, will be appointed as the Creditor Trustee (the "Creditor Trustee") and will be compensated at the rate of $200 per hour.

- The Creditor Trustee will receive from the Debtor an accurate roster of all creditors, their respective mailing and email addresses, and their respective claim amounts, and will use that roster to solicit an Assent and Proof of Claim form from all unsecured creditors, with a submission deadline of *approximately* 30 days after notice is sent.

- The Creditor Trustee will nationally publish notice of the opportunity to submit an Assent and Proof of Claim form.[2]

- The Assent and Proof of Claim form will establish each creditor's right to receive distributions from the Creditor Trust.

- The Creditor Trustee will establish a Disputed Claims Reserve.

- The Creditor Trustee will make distributions in accordance with the order of priorities set forth in the Bankruptcy Code.

- The Bankruptcy Court will *not* retain jurisdiction to hear any matter associated with the Creditor Trust.

14. In addition to those terms, the Creditor Trust Agreement provides, *inter alia*:

- The failure to file an Assent and Proof of Claim form within the 30-day period will forever bar an entity from receiving a distribution. § 8.1.

- The Creditor Trustee has the sole discretion to allow or dispute the amount of any Assenting Creditor's claim, and may require verification of the claim by declaration or other evidence satisfactory to the Creditor Trustee. § 8.2.

- If a dispute arises out of or relates to a claim of an Assenting Creditor, the Creditor Trustee and Assenting Creditor must first try in good faith to settle the dispute through mediation, with each party responsible for paying 50% of any mediation fees and expenses. If the dispute is unresolved after mediation,

---

[2] Neither the Motion to Dismiss nor the Creditor Trust Agreement states when the notice must be published. No proposed form of notice was attached to the Motion to Dismiss.

4

       the dispute must be resolved by final, binding arbitration in Phoenix, Arizona. § 8.2.

- By submitting an Assent and Proof of Claim form, each Assenting Creditor agrees to all terms of the Creditor Trust Agreement and covenants to forbear from bringing suit or other action against any person or entity to collect, perfect, or otherwise realize on its claims against the Debtor, and, further releases the Debtor, its officers, directors, affiliates or representatives (collectively, the "<u>Releasees</u>") with respect to any claim or cause of action, known or unknown, relating in any way to the Debtor, its property, or its affairs based to an extent on facts existing as of the date that the Assent and Proof of Claim is submitted, irrespective of when such claim or cause of action has accrued or deemed to have accrued under applicable law. § 8.6.

- The Creditor Trustee is exempt from giving any bond or other security. § 11.8.

### **LAW, ANALYSIS AND ARGUMENT**

15. Congress established three avenues to exit a Chapter 11 case: plan confirmation, conversion, or dismissal. The Debtor contends that dismissal is appropriate under sections 1112(b) and 305 of the Bankruptcy Code because it is the most efficient and economical means of liquidating the estate.

16. Section 1112(b) of the Bankruptcy Code requires the Court to dismiss or convert a Chapter 11 bankruptcy case if the movant establishes cause and that such relief is in the best interests of the estate and creditors. 11 U.S.C. § 1112(b).

17. Section 305(a) of the Bankruptcy Code permits the Court to dismiss the bankruptcy case if both the creditors' and debtor's interests would be better served by dismissal. *See* 11 U.S.C. § 305(a).

18. The Debtor has not demonstrated cause to dismiss, and dismissal of this case is not in the best interest of creditors. Rather, it appears that, in proposing the exit strategy set forth in the Motion to Dismiss, the Debtor is seeking to obtain relief that would be found in a

fully consensual confirmed Chapter 11 plan, while avoiding the requirements of the Bankruptcy Code and Rules.

19. The Motion to Dismiss is inappropriate for all of the following reasons:

- The Court is being asked to approve a claims procedure that is contrary to law and to refrain from overseeing claims administration;

- The Court is being asked to avoid exercising jurisdiction over the distribution of estate assets to creditors;

- The Debtor effectively seeks a discharge and/or third party release in a liquidating case; and

- The Debtor's request for the Court's retained jurisdiction over counsel's fee applications is inconsistent with its request for dismissal.

### I.  The Proposed Claims Procedure Is Not Subject to Judicial Oversight and Is Contrary to Law

20. In a Chapter 11 case, Bankruptcy Rule 3003 requires the Court to fix a time for filing proofs of claim and interest because "[w]ithout a bar date, it would be impossible to determine with any finality the obligations of the debtor." 9 COLLIER ON BANKRUPTCY ¶ 3003.03 (16th ed. 2018). No bar date has been set in this case, and the universe of claims is not known or fixed. Nonetheless, the Motion to Dismiss states that the Debtor will provide the Creditor Trustee (the Debtor's current "acting" CFO) with an accurate roster of all creditors and their respective claim amounts, which the Creditor Trustee will use to solicit an Assent and Proof of Claim form from all unsecured creditors. This does not appear to be in the best interest of creditors.

21. If the case remains in bankruptcy, a bar date would be set, claims objections would be governed by Bankruptcy Rule 3007, which provides for 30 days' notice of hearing on an objection, creditors would not be required to pay the costs of a hearing to protect their interests, and creditors would retain appeal rights. If the case is dismissed, however, a creditor

has *approximately* 30 days to file an Assent and Proof of Claim form or is "forever barred" from receiving a distribution. If the creditor does submit an Assent and Proof of Claim form, the Creditor Trustee has the sole discretion to allow or dispute the amount of such claim, and the assenting creditor's only remedies are mediation (for which the creditor must bear 50% of the cost) and binding arbitration in Phoenix, Arizona. The assenting creditor cannot appeal.

22. In this case, no official committee of unsecured creditors has been appointed. The Creditor Trust Agreement has not been vetted with any creditor constituency and creditors do not have any means of rejecting the Creditor Trust Agreement, other than to forgo a distribution.

23. Any potential cost savings associated with liquidating the estate in this manner is outweighed by the burden placed on creditors to prove their claims. *In re Biolitec, Inc.,* 528 B.R. 261, 271 (Bankr. D.N.J. 2014) (As opposed to dismissal, "the interests of the creditor body as a whole are likely better served by the bankruptcy process, where claims are entitled to prima facie validity and the resolution of disputed claims is overseen by a disinterested chapter 7 trustee and the court.").

## II. The Court is Being Asked to Avoid Exercising Jurisdiction Over the Distribution of Estate Assets to Creditors

24. Chapter 11 sets forth a procedure whereby a debtor can pay creditors a portion of their claims upon Court approval. *See* 11 U.S.C. §§ 1121 through 1142 (setting forth the requirements of a plan and disclosure statement, the requirements for confirmation of such a plan, and the effect of a confirmed plan); *contrast* 11 U.S.C. § 726 (setting forth the procedure for a trustee's payment of creditors' claims in a Chapter 7 case). In this case, there is no disclosure statement, plan or voting process. Nonetheless, the Creditor Trust Agreement purports to provide non-priority unsecured creditors with a final recovery outside of a Court-

7

approved plan without consent from the creditor body. *See generally Czyzewski v. Jevic Holding Corp.,* 137 S. Ct. 973 (2017). The proposed dismissal scheme appears to be an attempt to evade plan confirmation standards and requirements and other statutory safeguards.

25.    In a Chapter 7 case, among other things, a disinterested trustee would be required to be bonded pursuant to section 322 of the Bankruptcy Code. In this case, however, the Creditor Trust Agreement exempts the Creditor Trustee from any bonding requirements, in addition to not being subject to any oversight.

26.    As the Court stated in *In re Biolitec, Inc.*, "[dismissal] may not be approved without assurances that creditor protections provided by confirmation or liquidation pursuant to section 1129 or dismissal or conversion pursuant to section 1112(b) are either present or waived by all parties. If a chapter 11 case could be dismissed solely to avoid additional expenses associated with liquidating the estate, parties would rarely, if ever, convert to Chapter 7 and the conversion option in section 1112(b) would essentially be rendered superfluous." *Biolitec,* 528 B.R. at 269.

**III.    The Debtor Impermissibly Seeks a Discharge and/or Third Party Release in a Liquidating Case**

27.    There is no provision in the Bankruptcy Code that permits a debtor to obtain a discharge upon dismissal. To the contrary, the Bankruptcy Code provides that dismissal restores the *status quo ante.* 11 U.S.C. § 349.

28.    Because this is a liquidating case, the Debtor would not be entitled to a discharge in a case under Chapter 11 or Chapter 7 of the Bankruptcy Code. Under the Creditor Trust Agreement, however, a creditor's failure to submit the Assent and Proof of Claim form within the 30-day period "forever bars" the creditor from receiving a distribution. *See* section 8.1. A creditor's submission of the Assent and Proof of Claim form, on the other hand, obligates the

creditor to release the Releasees with respect to any claim or cause of action, known or unknown, relating in any way to the Debtor, irrespective of when the claim or cause of action accrued. *See* section 8.6. These provisions are a form of discharge and/or third party releases.

29. Thus, the Debtor is trying to obtain through dismissal that which it could not even in a fully consensual, confirmed Chapter 11 plan or a Chapter 7 liquidation.

**IV.  The Debtor's Request for Dismissal is Fundamentally at Odds with Its Request for the Court's Retention of Jurisdiction to Hear Final Fee Applications**

30. The Motion to Dismiss asks the Court to dismiss the bankruptcy case, but to retain jurisdiction in order to hear final fee applications for Debtor's counsel's fees. While the U.S. Trustee agrees that the Court should review counsel's fee applications, the Debtor's request for dismissal is fundamentally at odds with asking the Court perform its ordinary statutory duties. Accordingly, the requested relief should be denied.

**RESERVATION OF RIGHTS**

The U.S. Trustee reserves any and all rights, remedies and obligations to, among other things, complement, supplement, augment, alter or modify this Objection, file an appropriate motion, or conduct any and all discovery as may be deemed necessary or as may be required and to assert such other grounds as may become apparent upon further factual discovery.

**CONCLUSION**

Through either a liquidating plan under Local Rule 3017-2, or conversion of the case to one under Chapter 7, there would be a claims resolution process in place, there would be oversight and monitoring of the funds on hand and the funds to be administered, and neither the Debtor nor any third parties would be receiving the equivalent of a discharge by extracting the same from creditors in exchange for the ability to receive a distribution (which they would not be

required to do in the bankruptcy process). The Debtor has not demonstrated cause for dismissal of the bankruptcy case and dismissal is not in the best interests of creditors.

WHEREFORE, the U.S. Trustee requests that this Court issue an order denying the Motion to Dismiss, converting the case to one under Chapter 7 of the Bankruptcy Code or requiring the Debtor to propose a liquidating plan under Local Rule 3017-2, and granting such other relief as the Court deems just and proper.

Respectfully Submitted,

**ANDREW R. VARA,**
**ACTING UNITED STATES TRUSTEE, REGION 3**

Dated: June 6, 2018      **BY:**      */s/ Jaclyn Weissgerber*
Jaclyn Weissgerber, Esq.
David Buchbinder. Esq.
Trial Attorneys
United States Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 N. King Street, Room 2207, Lockbox 35
Wilmington, DE 19801
(302) 573-6492